[No. 26638. Department One. September 1, 1937.]

ELLIOTT & COMPANY, INC., *Appellant*, v. THE STATE OF WASHINGTON, *Respondent*.[1]

*Neal, Brodie & Trullinger,* for appellant.

*The Attorney General* and *E. P. Donnelly, Assistant,* for respondent.

MILLARD, J.—This action was instituted to recover a refund of gasoline tax paid upon the consumption of

[1]Reported in 71 P. (2d) 168.

gasoline used in trucks operated by the plaintiff on construction work. Trial of the cause to the court without a jury resulted in dismissal of the plaintiff's claim for refund. The plaintiff appealed.

Appellant, in connection with road construction work in which it is engaged, has six Mack trucks, each of which has a capacity for hauling twelve yards of dirt. The trucks are specially constructed for the particular work. They have removable extra rear wheels, which enable the user to widen the tread while being used in construction work. In width, the trucks exceed the lawful limit of trucks to be operated on the highways by fifteen inches. When the trucks are moved on the highway from one job to another, or are brought to Seattle for storage or repair, the outside wheels are removed, thus bringing the trucks within the legal limit and thereby permitting them to travel under their own power on the highway. While equipped with the extra wheels, the trucks were used only on the construction work. They were not used, and could not legally be used, on the highways unless the outside wheels were removed.

That portion of the statute providing for a refund of the tax paid on all gasoline consumed in any internal combustion engine *not used on or in conjunction with any motor vehicle capable of being operated upon a public highway,* reads as follows:

"Any person who shall use any motor vehicle fuel as herein defined for the purpose of operating any internal combustion engine not used on or in conjunction with *any motor vehicle capable of being operated upon a public highway,* and as the motor power thereof, upon which motor vehicle fuel excise tax provided for in this chapter has been paid, shall be entitled to and shall receive a refund of five (5) cents for each gallon of motor vehicle fuel so used . . . " Laws of 1935, chapter 109, § 2, p. 272. (Italics ours.)

Counsel for appellant contend that the trucks were not used on the highways when the gasoline was consumed; therefore, appellant is entitled to the gasoline tax refund. It is further urged that the trucks are within the statutory definition of industrial tractors, which are not motor vehicles within the meaning of the act; therefore, the appellant is entitled to a refund for gasoline used in its trucks which were specially constructed for the particular work of removal of dirt.

Under the clear language of the statute, "any motor vehicle capable of being operated upon a public highway," the appellant is not entitled to a refund as the trucks are capable of being used and were operated on the public highway. As stated by the trial court in its memorandum opinion:

"The trucks without the extra wheels are capable of being so used. The evidence shows that they were so used. The attachment of the extra wheels for the special purpose for which the trucks were used for construction work does not change the character of the machine so as to avoid the tax. It is a very different situation from that of a tractor, steam-shovel, or the like, which are not propelled over the highways by their own power."

Subdivision 1, § 1, chapter 109, page 271, Laws of 1935, reading as follows, provides that an industrial tractor is not a motor vehicle within the meaning of the act:

"1. 'Industrial Tractor.' Every motor vehicle as herein defined and used primarily as an industrial implement for drawing plows and other machines of husbandry; for logging; for highway and other construction purposes; as motive units in manufacturing or other plants and which said motor vehicle is not designed for use to transport persons or property on a public highway."

We find no comfort for the appellant in this section. Patently, it was the intention of the legislature to de-

fine tractors as a machine or a vehicle entirely different than a motor vehicle designed for use in the transportation of property on a highway. The legislative definition of an industrial tractor quoted above does not include a truck or an automobile which was designed or intended for use in the transportation of property or persons on a public highway; hence, appellant's trucks are excluded from the class of tractors defined above, since those trucks are designed for use on a public highway to transport property.

Each of appellant's trucks is a complete unit without the extra wheels or extra body. As such, each truck is legally and physically capable of being operated on the public highways, empty or with a small load. By the addition of extra equipment, the appellant may not transform his trucks into tractors and thereby avoid payment of the tax in question. We agree with counsel for respondent that the 1935 enactment (chapter 109, Laws of 1935) expresses clearly the intention of the legislature to prevent the granting of any refund of taxes paid on gasoline consumed in any truck which is capable in any form of being operated upon a public highway.

The judgment is affirmed.

STEINERT, C. J., HOLCOMB, BLAKE, and GERAGHTY, JJ., concur.