[No. 28342.   Department One.   June 16, 1941.]

DONOVAN LUMBER COMPANY, *Appellant,* v. THE STATE OF WASHINGTON, *Respondent.*[1]

[1]Reported in 114 P. (2d) 524.

*L. B. Donley,* for appellant.

*The Attorney General* and *John E. Belcher, Assistant,* for respondent.

BLAKE, J.—Plaintiff brought this action for refunds of motor vehicle fuel oil taxes paid upon gasoline consumed by Ross lumber carriers, which are used for carrying lumber in and about its mill and yard in Aberdeen. The refunds are claimed under the following provision of Rem. Rev. Stat. (Sup.), § 8327-18 [P. C. § 7068-88]:

"Any person who shall use any motor vehicle fuel as herein defined for the purpose of operating any internal combustion engine not used on nor in conjunction with any motor vehicle capable of being operated upon a public highway, and as the motor power thereof, upon which motor vehicle fuel excise tax provided for in this chapter has been paid, shall be entitled to and shall receive a refund of the amount of the motor vehicle fuel excise tax so provided for in this chapter paid on each gallon of motor vehicle fuel so used, whether such motor vehicle excise tax has been paid either directly to the vendor from whom the motor vehicle fuel was purchased or indirectly by adding the amount of such excise tax to the price of such fuel: *Provided, That no refund shall be made in any case for motor vehicle fuel consumed in any motor vehicle as herein defined.*" (Italics ours.) Laws of 1937, chapter 219, p. 1088, § 2.

The question in issue is whether a Ross carrier is a motor vehicle as defined by Rem. Rev. Stat. (Sup.), § 8327-1 [P. C. § 7068-71], subd. (a):

" 'Motor vehicle' shall mean and include every vehicle which is in itself a self-propelled unit, equipped with solid rubber, hollow-cushion rubber or pneumatic rubber tires *and capable of being moved or operated upon a public highway,* except motor vehicles used as motive power for or in conjunction with farm implements and machines or implements of husbandry." (Italics ours.)   Laws of 1939, chapter 177, p. 538, § 1.

Upon undisputed facts, the trial court held Ross lumber carriers to be within the purview of the definition and, accordingly, entered judgment dismissing the action.   Plaintiff appeals.

The essential facts may be summarized as follows: Appellant manufactures and sells lumber.   Its mill and yard is in the city of Aberdeen.   In connection with the operation of its plant, it uses ten Ross lumber carriers exclusively upon its own premises for the purpose of transporting lumber from one point to another about the plant.   Prior to the period for which the refunds are claimed, however, appellant occasionally operated one of the carriers on the highways transporting lumber to another plant and to the docks for shipping.   It appears from the record that similar carriers are operated upon the highways by other concerns under regular motor vehicle license *without special permit from the highway department.*   Appellant, however, during the period with which we are concerned, has not operated any of its carriers on the highways, nor has it obtained any license or permit for such operation.

The carriers are not designed for the purpose of transporting persons or property on the highways. They are not equipped with lights, brakes, or bumpers. So far as size is concerned—weight, length, breadth,

and height—they fall within the category of motor vehicles which may be operated upon the highways without a special permit from the highway department. In other words, in dimension and weight, they are within the maximum limits fixed by statute for permissible operation on the highways.

Appellant takes the position, however, that, by reason of the lack of equipment prescribed by statute, such as bumpers, brakes, lights, and mirrors, the carriers cannot be *legally* operated on the highways, and that, therefore, they come within the rule laid down in the case of *Mason-Walsh-Atkinson-Kier Co. v. Case,* 2 Wn. (2d) 33, 97 P. (2d) 165. As appellant construes that decision, the court read into the definition of "motor vehicle" (Rem. Rev. Stat. (Sup.), § 8327-1, subd. (a)), the word *legally* just before the word *capable,* so that, unless a vehicle is *legally* capable of being operated on the highways, the owner is entitled to the refund provided, allowable under Rem. Rev. Stat. (Sup.), § 8327-18.

We do not think such a conclusion is justified by that decision. There, we were considering the applicability of the statute to oversized vehicles so constructed as to make it a *physical* impossibility to bring them within the maximum dimensions prescribed by statute for legal operation on the highways. It was a *physical* impossibility to operate them on the highways in an ordinary, normal, functional manner. They were so heavy as to break down the ordinary road. They were so long and so broad that other vehicles could not be operated in a normal, functional manner on the same road with them. Their movement along the highways was attended by a crew of flagmen and limited by the permit from the highway department to hours when other traffic was lightest. Their progress along the highways is more suggestive of the moving of a house than the operation of a motor vehicle.

246

While the vehicles here under consideration may not have all the equipment prescribed by statute for legal operation on the highways, such equipment may easily be supplied. In other words, the carriers are readily adaptable, from a physical or mechanical standpoint, to a legal, normal, functional operation on the highways. The fact that they are not at present so equipped is of no moment. *Elliott & Co., Inc. v. State,* 191 Wash. 385, 71 P. (2d) 168. Nor is it material that appellant has no intention of operating them on the highways. *Mason-Walsh-Atkinson-Kier Co. v. Case, supra.* Similar vehicles have been operated on the highways, and these, in our opinion, are capable of such operation in contemplation of Rem. Rev. Stat. (Sup.), § 8327-18.

Judgment affirmed.

MAIN, MILLARD, SIMPSON, and DRIVER, JJ., concur.

[1]Reported in 114 P. (2d) 534.