[No. 6984–1. Division One. April 2, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID WILLARD LEVAGE, *Appellant*.

*Murray J. Anderson,* for appellant (appointed counsel for appeal).

*Don Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Senior Deputy,* for respondent.

WILLIAMS, J.—David Willard Levage was charged by information with the crime of first–degree arson. Trial to the court, with a jury, resulted in a judgment of guilty. His appeal challenges the constitutionality of the first–degree arson statute. We affirm.

The fire occurred in a building containing a restaurant in the City of Tacoma. The building stands at some distance from any other and was unoccupied at the time of the fire. The heat from the blaze warped several steel I–beams. Approximately 61 firemen using 12 major pieces of equipment fought the fire. Two firemen were injured and off work for several weeks.

The first–degree arson statute reads in pertinent part:

(1) A person is guilty of arson in the first degree if he knowingly and maliciously:
(a) Causes a fire or explosion which is manifestly dangerous to any human life including firemen; or

. . .
(2) Arson in the first degree is a class A felony.
RCW 9A.48.020.

Levage argues that the statute is vague and uncertain because of the clause "which is manifestly dangerous to any human life including firemen." Specifically, he contends that the phrase "including firemen" should not be included in the definition of the crime of first–degree arson

because the arsonist acts without the certain knowledge that firemen will come to put it out. In this day and age in a civilized city such as Tacoma, experience teaches that one of the certainties attendant upon a hostile fire is that firemen will be called and will come. Danger inheres in fire fighting. In setting a hostile fire, the arsonist can anticipate that firemen will be endangered. In performing its function, the jury is entitled to consider these and other circumstances in deciding whether the fire was manifestly dangerous to human life including firemen. The question is one of fact. *State v. Young*, 87 Wn.2d 129, 550 P.2d 1 (1976).

█ Levage also argues that two of the instructions should not have been given. The first instruction is essentially in the words of the statute and so proper. *State v. Bixby*, 27 Wn.2d 144, 170, 177 P.2d 689 (1947). He proposed the other one and so cannot successfully complain about it. *State v. Lewis*, 15 Wn. App. 172, 548 P.2d 587 (1976).

Affirmed.

FARRIS and ANDERSEN, JJ., concur.