[No. 9880–2–I. Division One. July 12, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. DALE
ROBERTSON MITCHELL, *Appellant.*

*Henry Jasen,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Howard Todd, Deputy,* for respondent.

CORBETT, J.—Defendant appeals his conviction of robbery in the first degree (RCW 9A.56.200(1)(b)) while armed with a deadly weapon (RCW 9.95.040). We affirm.

As the victim entered her car in a parking garage, she was approached by three men. One pointed a gun at her and said, "I want your car." She was forced to enter the car so that they could get past the parking attendant. She was held captive for the next 30 minutes, during which time she was robbed of her jewelry and threatened. She identified the defendant as the person who held the gun and drove the car. At the time he was charged, the defendant was under 18 years of age. Juvenile court jurisdiction had previously been declined in an unrelated case.

The defendant first assigns error to the trial court's refusal to dismiss for failure to conduct a decline hearing in this prosecution, as required by RCW 13.40.110(1)(a). No issue is raised concerning the validity of the decline order in the previous prosecution. Defendant contends, without citation of authority, "A rule which provides that a juvenile once declined for one charge is declined for all future charges creates an irrational but irrebuttable presumption that the juvenile will always meet the criteria enumerated in *Kent* [*v. United States,* 383 U.S. 541, 16 L. Ed. 2d 84, 86 S. Ct. 1045 (1966)]."

The Juvenile Justice Act of 1977 defines "juvenile" as "any individual who is under the chronological age of eighteen years and who has not been previously transferred to adult court". RCW 13.40.020(10). Under prior law, each motion for declination was treated separately. Under present law, once a juvenile has been transferred from juvenile court to adult court, the juvenile is treated as an adult as to all future offenses. When a juvenile court waives jurisdiction, the youth comes under the permanent jurisdiction of the adult criminal system. Morin, *Waiver of Juvenile Court Jurisdiction Under the Juvenile Justice*

*Act of 1977,* 14 Gonz. L. Rev. 369, 372, 388 (1979). This issue was recently addressed in *State v. Holland,* 30 Wn. App. 366, 635 P.2d 142 (1981), where the court stated:

> Juveniles transferred for adult criminal prosecution are thereafter denied access to the juvenile courts for subsequent offenses, RCW 13.04.030(6)(a), and must be tried as adults.

*Holland,* at 373. *See also In re Smiley,* 96 Wn.2d 950, 955, 640 P.2d 7 (1982). The trial court did not err in denying the motion to remand for failure to hold a decline hearing because juvenile court jurisdiction had previously been declined.

■■ The defendant next assigns error to the trial court's denial of his motion in limine to prevent the prosecution from impeaching him with his prior guilty pleas to second degree burglary and taking a motor vehicle without permission of the owner. The defendant argues that the trial court failed to consider the relevant factors in its decision to admit the prior guilty pleas. ER 609(a) states:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross–examination but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, *and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant,* . . .

(Italics ours.) The trial took place prior to the decision in *State v. Alexis,* 95 Wn.2d 15, 621 P.2d 1269 (1980). We are unable to determine from the record whether or not the trial court balanced the probative value of the prior convictions with the prejudicial effects such testimony might have. Failure to do so is error. *State v. Tharp,* 96 Wn.2d 591, 637 P.2d 961 (1981). However, any error is harmless beyond a reasonable doubt when considered in light of the overwhelming evidence supporting the jury verdict. *State v. Evans,* 96 Wn.2d 1, 633 P.2d 83 (1981). The victim identified the defendant in a lineup and in court as the man who

took the car from her at gunpoint. She testified that she had a good opportunity to observe his appearance. Another witness testified that the defendant sold him the victim's diamond ring on the day of the robbery. An acquaintance of the defendant testified that defendant picked him up in the victim's car on the day of the robbery and told him how he had acquired it. One of the defendant's accomplices also testified as to the defendant's role in the robbery. Finally, the defendant's alibi was uncertain, not supported by other witnesses and was not mentioned prior to trial. We conclude that without the evidence of the prior guilty pleas, the outcome of the trial would most certainly have been the same.

 Defendant finally contends that it is double jeopardy to apply the deadly weapon minimum sentence provision of RCW 9.95.040 to a defendant found guilty of first degree robbery. He relies upon the rationale of *State v. Workman*, 90 Wn.2d 443, 584 P.2d 382 (1978), in dealing with the enhanced sentencing aspects of RCW 9.41.025. Defendant concedes that the *Workman* court allowed application of RCW 9.95.040 as a limitation upon parole board discretion. As was stated by Judge James in *State v. Willoughby*, 29 Wn. App. 828, 834, 630 P.2d 1387 (1981):

> The propriety of such sentencing was expressly approved in *State v. Workman, supra.* The special verdicts do not create a multiple punishment for the same offense because RCW 9.95.040 and RCW 9.41.025 "do not in themselves create criminal offenses. They merely limit the discretion of the trial court and the Board of Prison Terms and Paroles in the setting of minimum sentences." (Footnote omitted.)

(Citations omitted.) The trial court properly instructed the jury concerning the deadly weapon finding.

Affirmed.

ANDERSEN, C.J., and SWANSON, J., concur.