[No. 11369-1-I. Division One. December 29, 1982.]

THE STATE OF WASHINGTON, *Petitioner*, v. ALLEN WAYNE SHARON, *Respondent*.

---

[2]See the concurring opinion of Swanson, J., in *State v. Long, supra*.

*Norm Maleng, Prosecuting Attorney,* and *Barbara Linde, Deputy,* for petitioner.

*Julie Kesler* of *Washington Appellate Defender Association,* for respondent.

ANDERSEN, C.J.—

## FACTS OF CASE

In this case, on the petition of the State, we granted discretionary review of a juvenile court order which denied the State's motion to dismiss for lack of juvenile court jurisdiction.

The juvenile court's findings of fact are not controverted. Those findings reflect that the juvenile offender, Allen W. Sharon, was declined on and transferred to adult court on a charge of second degree assault in May of 1981 pursuant to an order of the Lewis County Superior Court, Juvenile Division.[1] Without knowledge of the prior Lewis County

---

[1]The validity of the Lewis County order declining jurisdiction is not questioned.

order, a King County deputy prosecuting attorney later filed an information in the Superior Court for King County, Juvenile Department, in December of 1981, charging the offender with burglary in the second degree committed in King County.

Subsequently, at the defendant's arraignment on the King County burglary charge, and after discovery of the prior order of declination, the State promptly moved the juvenile court to dismiss the information against the defendant for lack of jurisdiction, it being the State's purpose to then charge the offender as an adult. The juvenile court denied the State's motion to dismiss holding that the prior Lewis County order of declination entered with respect to this same offender had the effect of transferring only that specific case (the previous Lewis County second degree assault charge) to adult court.

The juvenile court also held that the Juvenile Justice Act of 1977, RCW 13.40, conferred discretion upon it to decide whether the current case only is transferred to adult court or whether the individual is transferred for both the current case and all future cases. The juvenile court then ruled that if the State desired to request a second decline hearing, such a hearing could be held to determine whether the offender should be transferred to adult court on the King County burglary charge.

Feeling the matter to be of substantial import, the State filed its petition for discretionary review in this court. We granted review and the proceedings below have been stayed pending our review of this case.

The State's petition presents one basic issue.

## ISSUE

Did the juvenile court err when it denied the State's motion to dismiss the juvenile court action against the offender for lack of jurisdiction?

## DECISION

CONCLUSION. Because juvenile jurisdiction had been previously declined, the juvenile court erred when it denied the

State's motion to dismiss. Under current practice as envisaged by the Juvenile Justice Act of 1977, once a juvenile offender has been transferred to adult court from juvenile court, the offender is thereafter treated as an adult for all subsequent offenses.

■■ *State v. Mitchell*, 32 Wn. App. 499, 648 P.2d 456 (1982) is dispositive of this issue. In *Mitchell* we held that

> The Juvenile Justice Act of 1977 defines "juvenile" as "any individual who is under the chronological age of eighteen years and who has not been previously transferred to adult court". RCW 13.40.020(10). Under prior law, each motion for declination was treated separately. Under present law, once a juvenile has been transferred from juvenile court to adult court, the juvenile is treated as an adult as to all future offenses. When a juvenile court waives jurisdiction, the youth comes under the permanent jurisdiction of the adult criminal system. Morin, *Waiver of Juvenile Court Jurisdiction Under the Juvenile Justice Act of 1977*, 14 Gonz. L. Rev. 369, 372, 388 (1979). This issue was recently addressed in *State v. Holland*, 30 Wn. App. 366, 635 P.2d 142 (1981), where the court stated:
>
> > Juveniles transferred for adult criminal prosecution are thereafter denied access to the juvenile courts for subsequent offenses, RCW 13.04.030(6)(a), and must be tried as adults.
>
> *Holland*, at 373.

*State v. Mitchell, supra* at 500–01. *See In re Smiley*, 96 Wn.2d 950, 958, 640 P.2d 7 (1982). Accordingly, the juvenile court erred in denying the State's motion to dismiss the information for lack of juvenile court jurisdiction.[2]

The defendant argues, however, that the declination statute as construed in *State v. Mitchell, supra,* and *In re Smiley, supra,* violates his constitutional right to due process. We disagree.

A juvenile offender has no constitutional right to be tried in a juvenile court. *State v. Hodges*, 28 Wn. App. 902, 904, 626 P.2d 1025 (1981); *Woodard v. Wainwright*, 556 F.2d

---

[2]In deference to the juvenile court judge, we note that *State v. Mitchell, supra,* was decided subsequent to that court's ruling in this case.

781, 785 (5th Cir. 1977), *cert. denied,* 434 U.S. 1088, 55 L. Ed. 2d 794, 98 S. Ct. 1285 (1978). "[T]reatment as a juvenile is not an inherent right but one granted by the state legislature, therefore the legislature may restrict or qualify that right as it sees fit, as long as no arbitrary or discriminatory classification is involved." *Woodard v. Wainwright, supra* at 785. *Accord, State v. Cain,* 381 So. 2d 1361, 1363 (Fla. 1980).

Thus, "[i]t is important to point out that there are no substantive constitutional requirements as to the content of the statutory scheme a state may select. '[T]he [Supreme] Court has never attempted to prescribe criteria for, or the nature and quantum of evidence that must support, a decision to transfer a juvenile for trial in adult court.'" *Stokes v. Fair,* 581 F.2d 287, 289 n. (1st Cir. 1978), *cert. denied,* 439 U.S. 1078, 59 L. Ed. 2d 47, 99 S. Ct. 858 (1979), quoting *Breed v. Jones,* 421 U.S. 519, 537, 44 L. Ed. 2d 346, 95 S. Ct. 1779 (1974). "This means that the procedural protections which must be afforded a juvenile before he may be transferred to adult offender status vary in terms of the particular statutory scheme which entitles him to juvenile status in the first place." *Stokes v. Fair, supra* at 289. All that is required is that if the Legislature has provided for the option of adjudication of juvenile offenses in a juvenile court, and a mechanism for transfer to adult court, the State must provide the juvenile an opportunity for a hearing which measures up to the essentials of due process and fair treatment prior to the entry of an order declining juvenile jurisdiction. *Breed v. Jones,* 421 U.S. at 537; *Stokes v. Fair, supra.*

In the present case, prior to the entry of the order of declination in Lewis County, which under our statutory definition of a "juvenile" had the effect of permanently declining jurisdiction for all future offenses, the defendant was afforded the opportunity for a hearing that comported with the essentials of due process and fair treatment. *See State v. Holland,* 30 Wn. App. 366, 373, 635 P.2d 142 (1981), *review granted on other grounds,* 97 Wn.2d 1012

(1982); *In re Harbert,* 85 Wn.2d 719, 723–24, 538 P.2d 1212 (1975). Further, since the legislative decision that a juvenile once declined should be treated as an adult for all future offenses is neither arbitrary nor discriminatory, the statutory procedures are constitutional and not violative of the defendant's due process rights. *See Breed v. Jones, supra; Woodard v. Wainwright, supra; Stokes v. Fair, supra.*

Reversed and dismissed.[3]

SWANSON and WILLIAMS, JJ., concur.

Reconsideration denied January 25, 1983.

Review granted by Supreme Court April 1, 1983.

---

[3]In view of the colloquy between the court and counsel in juvenile court concerning possible double jeopardy ramifications, one additional matter needs to be here noted. Having now held that the juvenile court was not a court of competent jurisdiction in this case, charges may be refiled by the State in adult court without violating the defendant's double jeopardy rights. *State v. Ridgley,* 70 Wn.2d 555, 557, 424 P.2d 632 (1967); *State v. Haye,* 72 Wn.2d 461, 464, 433 P.2d 884 (1967).