[No. 10336-9-I.   Division One.   February 7, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. FELIX ANTHONY TYSON, *Defendant,* BRETT LYNN INGRAM, *Appellant.*

*Nancy Talner* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Michael V. Linnabary, Deputy,* for respondent.

ANDERSEN, C.J.—

## FACTS OF CASE

The defendant, Brett Lynn Ingram, brings this appeal from the judgment and sentence entered on a jury verdict finding him guilty of burglary in the second degree.

Two private security guards at the Delta Truck Lines freight terminal in Seattle observed an automobile with two male occupants driving very slowly toward an area where truck tractors and loaded cargo trailers were parked. When the automobile with the two men in it apparently stopped just out of sight of the security guards, they went to investigate.

One of the guards observed a man jump out of a loaded cargo trailer, run for the automobile and get in as it drove off. That guard also got a good look at the driver and later

identified the defendant as the driver. The two guards obtained the license number of the automobile and immediately notified the police. Shortly thereafter, Seattle police officers located the automobile. The defendant was standing beside it and his companion was seated in it. The defendant and his companion matched the descriptions provided by the security guards so they were placed under arrest.

The cargo trailer in question (also commonly called a semitrailer) had just arrived from California and was awaiting unloading. It was still attached to the truck tractor which had hauled it here from California. When last checked by the security guards at the truck terminal, some 20 minutes before the occurrence in question, the semitrailer was securely sealed. After the man was seen running from the trailer, its door was found open. The broken metal seal was located on the ground nearby along with some Ampex videotapes from the trailer's cargo.

One issue is determinative of this appeal.

### ISSUE

Can a person who breaks and enters a semitrailer be convicted of burglary in the second degree,[1] a class B felony, or in such a situation must any charges be brought under statutes defining lesser offenses such as vehicle prowling?[2]

### DECISION

CONCLUSION. Under the statutes of this state, a semitrailer can be the subject of a burglary in the second degree; the defendant's conviction of that crime was not error.

■ The analysis of this issue starts with the proposition that the Legislature has the absolute power, within constitutional limitations, to define any act as a crime and to

---

[1]RCW 9A.52.030(1) provides: "A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle."

[2]See RCW 9A.52.100; RCW 9A.04.110(26); RCW 46.04.320.

establish the elements thereof. *State v. Mundy,* 7 Wn. App. 798, 800, 502 P.2d 1226 (1972).

The statute defining the crime of burglary in the second degree provides that it can be committed by entering a "building other than a vehicle." RCW 9A.52.030(1) (see footnote 1).

The kinds of "vehicle" which are excluded from the burglary statute, by the terms of the criminal code, are "'motor vehicle[s]' as defined in the vehicle and traffic laws," RCW 9A.04.110(26),[3] and this in turn means "self–propelled" vehicles, RCW 46.04.320.[4]

Cargo trailers or semitrailers of the kind involved in this case are not self–propelled vehicles either in fact or as defined by statute.[5] As a consequence, they are not as a matter of law excluded from the burglary in the second degree statute.[6]

The term "building" under the burglary in the second degree statute (see footnote 1) is broadly and uniquely

---

[3] "'Vehicle' means a 'motor vehicle' as defined in the vehicle and traffic laws, any aircraft, or any vessel equipped for propulsion by mechanical means or by sail;". RCW 9A.04.110(26).

[4] "'Motor vehicle' shall mean every vehicle which is self–propelled and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails." RCW 46.04.320.

[5] Pursuant to the general highway and traffic laws, "'[s]emitrailer' includes every vehicle without motive power designed to be drawn by a vehicle, motor vehicle, or truck tractor and so constructed that an appreciable part of its weight and that of its load rests upon and is carried by such other vehicle, motor vehicle, or truck tractor." RCW 46.04.530.

Similarly, "'[t]railer' includes every vehicle without motive power designed for being drawn by or used in conjunction with a motor vehicle . . . but does not include a municipal transit vehicle, or any portion thereof." RCW 46.04.620. *See also* RCW 46.04.130.

As defined in *Webster's Third New International Dictionary* (1969), "self–propelled" means "propelled by its own motor . . . propelled by its own fuel . . . moved forward by one's or its own force or momentum".

[6] The question of whether a structure is a vehicle is ordinarily a question of law. *See* Note on Use, WPIC 2.25, 11 Wash. Prac. (1977); *Western Packing Co. v. Visser,* 11 Wn. App. 149, 154, 521 P.2d 939 (1974).

defined, and among other things, includes cargo containers and other structures used for the deposit of goods. RCW 9A.04.110(5).[7]

In the present case, the uncontroverted testimony at trial established that the semitrailer, which had been broken into and entered, was a separate detachable container or structure from the truck tractor unit which was used to draw it, and was strictly a cargo trailer used for general freight. It was also, at the time of the unlawful entry, parked in the freight yard over a weekend awaiting the unloading of its cargo. Such evidence together with the reasonable inferences drawn therefrom was sufficient to convince any rational trier of fact beyond doubt[8] that the trailer was either a cargo container or other structure used for the deposit of goods and thus was encompassed within the unique statutory definition of "building" for purposes of burglary in the second degree.[9]

The cases from other jurisdictions cited by the defendant are not apposite since the relevant statutes in those cases are substantially different from the statutes of this state. The defendant's reliance on *Donovan Lumber Co. v. State,* 9 Wn.2d 242, 114 P.2d 524 (1941) is also misplaced. In *Donovan,* unlike the present case, it was undisputed that the vehicle was self–propelled and thus capable of traveling the highways under its own power. *See Donovan,* at 244–46.

---

[7]Aside from its ordinary meaning, a "building" includes "any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale or deposit of goods; each unit of a building consisting of two or more units separately secured or occupied is a separate building". RCW 9A.04.110(5).

[8]*See State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980); *State v. Gerber,* 28 Wn. App. 214, 217, 622 P.2d 888 (1981).

[9]See footnote 7.

Although the defendant is correct in contending that the truck trailer is a "vehicle" as that term is defined in the general vehicle and traffic laws, *see* RCW 46.04.670, it is not a "motor vehicle" (as discussed in foregoing text of this opinion) and therefore not a "vehicle" for purposes of burglary in the second degree. *See* RCW 9A.52.030(1); RCW 9A.04.110(26).

Moreover, the former statute defining motor vehicle, which was at issue in *Donovan,* was substantially different than the present one. *See Donovan,* at 244.

The remaining claims of error raised by the defendant are not well taken.

There was no violation of the defendant's right to equal protection of the laws in this case because a prosecution for vehicle prowling would not be appropriate due to the semitrailer not being a motor vehicle (as discussed above). RCW 9A.52.100; RCW 9A.04.110(26); RCW 46.04.320. *See State v. Darrin,* 32 Wn. App. 394, 396, 647 P.2d 549 (1982), holding that there is no equal protection violation where two crimes with differing punishments require proof of different elements. For example, the crime of vehicle prowling would apply to the unlawful entry of an automobile or a truck tractor, both of which are motor vehicles, whereas the crime of burglary in the second degree would not.

■ At trial, the defendant did not except to any of the trial court's jury instructions but on appeal assigns error to three of them. As the State Supreme Court recently held in a similar situation:

> We do not necessarily approve the instruction given or any part thereof. Under the circumstances of this case the appropriateness of the instruction is not at issue. Defendant took no exception to it or any other instruction given by the trial court. As a result, those instructions have become the law of the case. *State v. Reid,* 74 Wn.2d 250, 444 P.2d 155 (1968); *State v. Queen,* 73 Wn.2d 706, 440 P.2d 461 (1968); *State v. Jackson,* 1 Wn. App. 90, 459 P.2d 414 (1969).

*State v. Robinson,* 92 Wn.2d 357, 359, 597 P.2d 892 (1979). *Accord, State v. Parker,* 97 Wn.2d 737, 742, 649 P.2d 637 (1982). We so hold here.

■ In any event, two of the instructions now urged as error were those proposed by the defendant. Even where constitutional issues are involved, invited error precludes judicial review. *State v. Boyer,* 91 Wn.2d 342, 345, 588 P.2d 1151 (1979). The third instruction now claimed to be erroneous used the language of a statute and, under the uncon-

troverted facts of this case and the other instructions given, any error therein was harmless. *See State v. Wheeler,* 95 Wn.2d 799, 806, 631 P.2d 376 (1981); *State v. Levage,* 23 Wn. App. 33, 35, 594 P.2d 949 (1979); *State v. McKinney,* 19 Wn. App. 23, 26–27, 573 P.2d 820 (1978).

Affirmed.

SWANSON and CORBETT, JJ., concur.

Reconsideration denied March 7, 1983.

Review denied by Supreme Court June 23, 1983.