FILED
COURT OF APPEALS
DIVISION II

2014 SEP 23 AM 9: 33

STATE OF WASHINGTON

BY _____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45077-1-II |
| Respondent, | |
| v. | |
| TROY RICHARD AKIN, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Troy Akin appeals his conviction for bail jumping. He argues (1) the trial court violated his constitutional trial rights to participate in his defense; (2) the trial court violated his constitutional right to confront adverse witnesses; (3) he received ineffective assistance of counsel because his attorney had an actual conflict; and (4) he was denied due process because the jury instructions were contradictory. We hold the trial court did not deny Akin his constitutional trial rights, Akin received effective assistance of counsel, and the jury instructions were not contradictory. We affirm Akin's bail jumping conviction.

## FACTS

The State charged Akin with second degree theft. At a pretrial hearing on March 4, 2013, the trial court ordered Akin to return to court on April 4 for a readiness hearing. Akin failed to appear at the April 4 hearing and a warrant for his arrest issued. RP at 36. The State then amended the original charging document and added the bail jumping charge. Subsequently the State dismissed the theft charge and proceeded to trial solely on the bail jumping.

At the beginning of trial, the trial judge stated to Akin, "Mr. Akin, I just want to advise you not to have any contact with any of the jurors and when there is testimony or during the voir dire, you are not to show any reaction, responses, or agreement or disagreement with anything." Report of Proceedings (RP) at 3.

During trial, the State called one witness, Angela Benneman, the deputy court clerk who was present at the March 4 and April 4 hearings. She is also a custodian of records for the trial court. Benneman testified that at the March 4 hearing, the court ordered Akin to appear in court on April 4 and that he failed to appear on that date. The State also played the video recordings from the March 4 and April 4 hearings. During the April 4 hearing, Akin's attorney stated, "I represent [Akin], but I can't represent his whereabouts." RP at 36.

Akin testified in his defense and admitted that the trial court ordered him to appear in court on April 4, that he knew he had to appear, and that he did not appear. Akin testified that he failed to appear because of a calendaring issue.

After the trial court read the jury instructions, the State advised the court that, when the jurors were exiting the court room to deliberate, Akin became "a little vocal as well as demonstrative of his opinion of this entire affair." RP at 83. The trial judge again instructed Akin,

> Mr. Akin, you may not be in agreement with what has gone on or how it has gone on. I—but I have to direct you again that you're not to be vocal, you're not to be demonstrative in your nature, especially when a verdict does get returned. I—I'm going to tell you, again, you need to sit there quietly and listen and nothing more.

RP at 84.

The jury found Akin guilty of bail jumping and the trial court sentenced Akin to three months. Akin appeals.

2

ANALYSIS

I.   TRIAL COURT DID NOT VIOLATE AKIN'S CONSTITUTIONAL TRIAL RIGHTS

Akin argues the trial court prohibited him from participating in his defense in violation of his constitutional rights to be present, to due process, to confront adverse witnesses, and to "appear and defend in person." Appellant's Br. at 4. Because Akin could and did participate in his trial, we hold the trial did not violate Akin's constitutional trial rights.

A defendant has a constitutional right to be present at all critical stages of the trial proceedings. *State v. Irby*, 170 Wn.2d 874, 880, 246 P.3d 796 (2011). But the right to be present is not absolute. *State v. Chapple*, 145 Wn.2d 310, 318, 36 P.3d 1025 (2001). "[A] defendant's persistent, disruptive conduct can constitute a voluntary waiver of this right." *Chapple*, 145 Wn.2d at 318. Trial judges have wide discretion to manage their courtrooms and conduct trials "fairly, expeditiously, and impartially." *Sanders v. State*, 169 Wn.2d 827, 851, 240 P.3d 120 (2010) (quoting *State v. Johnson*, 77 Wn.2d 423, 426, 462 P.2d 933 (1969)). "A trial court must have authority to manage the parties and proceedings before it." *State v. Gassman*, 175 Wn.2d 208, 209, 283 P.3d 1113 (2012). We review de novo whether the defendant's right to participate in his defense has been violated. *Irby*, 170 Wn.2d at 880.

Here, Akin argues the trial judge violated his above-enumerated trial rights by telling him before trial to keep his comments and reactions to himself. But the trial judge's comments did not prohibit Akin from participating in his defense or speaking with his attorney; the trial judge merely exercised his authority to manage the parties and the proceedings. The record demonstrates that, but for the April 4 hearing, Akin was present during all critical stages of the trial and did testify on his own behalf. We hold the trial court did not violate Akin's constitutional trial rights.

3

## II.    TRIAL COURT DID NOT VIOLATE AKIN'S RIGHT TO CONFRONT ADVERSE WITNESSES

Akin argues the trial court violated his right to confront adverse witnesses by admitting a video-recorded hearing that included a testimonial statement by his defense attorney. Akin raises this issue for the first time on appeal. We need not address this argument because if there was error, it did not prejudice Akin.

We will not review an argument raised for the first time on appeal unless the challenging party demonstrates a manifest constitutional error. RAP 2.5(a)(3). To satisfy RAP 2.5(a)(3), an appellant first must identify a constitutional error and then demonstrate how the alleged error affected his rights at trial. *State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d 756 (2009). An error is manifest if it is so obvious on the record that the error requires appellate review. *O'Hara*, 167 Wn.2d at 99-100. The defendant must show actual prejudice, meaning the alleged error had practical and identifiable consequences at trial. *State v. Gordon*, 172 Wn.2d 671, 676, 260 P.3d 884 (2011).

The right to confront opposing witnesses is guaranteed by the Sixth Amendment of the United States Constitution and article 1, section 22 of the Washington State Constitution. This right "'applies to witnesses against the accused—in other words, those who bear testimony. . . . Testimony, in turn, is typically [a] solemn declaration or affirmation made for the purpose of establishing or proving some fact.'" *State v. Jasper*, 174 Wn.2d 96, 109, 271 P.3d 876 (2012) (quoting *Crawford v. Washington*, 541 U.S. 36, 51, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004)) (alterations in original). Generally, testimonial statements may not be introduced against the defendant at trial unless the proponent of the evidence shows that the declarant witness is unavailable and the defendant had a prior opportunity to cross-examine the declarant witness. *Jasper*, 174 Wn.2d at 109 (citing *Crawford*, 541 U.S. at 68).

In this case, during the State's presentation of evidence, the State played two video recordings, one from the March 4 hearing where the court ordered Akin to return to court on April 4 and the other from the April 4 hearing where Akin failed to appear. During the latter hearing, Akin's attorney—the same attorney who represented him at trial—stated that he represents Akin but "can't represent his whereabouts." RP at 36. Akin argues his attorney's statement violated his right to confront an adverse witness because his attorney could not take the stand to be cross-examined about his statement.

The record does not support that this alleged error affected Akin's rights at trial or that he suffered prejudice. The video-recorded statement from Akin's counsel at issue was not crucial in the State's case. Instead, the State relied on the testimony from Benneman, a deputy court clerk, who was present at the March 4 and April 4 hearings. Benneman, who is also a custodian of records for the trial court, relied on her recorded minutes and the videos from the hearings for her testimony that Akin was ordered to appear in court on April 4, that Akin failed to appear on April 4, that the trial was struck, and that a bench warrant was issued. Akin also testified, and admitted that the trial court ordered him to appear in court on April 4, that he knew he had to appear in court on April 4, and that he did not appear in court on April 4 because of a calendaring issue. Further, the State never commented on Akin's counsel's statement during the trial and did not discuss it during closing arguments. Instead, the State focused on the testimony from Benneman and Akin. Akin's counsel's statement was merely cumulative of other significant untainted evidence. Accordingly, Akin cannot show actual prejudice and we do not review this argument.

III.   AKIN WAS NOT DENIED EFFECTIVE ASSISTANCE OF COUNSEL

Akin argues he was denied effective assistance of counsel because his attorney had an actual conflict of interest. We disagree and hold that Akin was not denied effective assistance of counsel

A.   STANDARD OF REVIEW

To prove ineffective assistance of counsel, Mayer must overcome the presumption that his counsel was effective. *In re Pers. Restraint of Gomez*, 180 Wn.2d 337, 348, 325 P.3d 142 (2014). To do this, Akin must show that counsel's performance was so deficient that it "fell below an objective standard of reasonableness" and that the deficient performance prejudiced him. *State v. Thomas*, 109 Wn.2d 222, 226, 743 P.2d 816 (1987) (quoting *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Thus, Akin must first prove that his counsel's "acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Performance is not deficient if counsel's conduct can be characterized as a legitimate trial strategy. *State v. Kyllo*, 166 Wn.2d 856, 863, 215 P.3d 177 (2009). To establish prejudice, the defendant must show a reasonable probability that the deficient performance affected the outcome of the trial. *Thomas*, 109 Wn.2d at 226. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. We review ineffective assistance of counsel claims de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

B.   CONFLICTS OF INTEREST

"Defense counsel has a duty of loyalty to the defendant, and thus the right to effective assistance of counsel includes the right to conflict-free counsel." *Gomez*, 180 Wn.2d at 348 (citing *Strickland*, 466 U.S. at 692). But a conflict of interest is not a per se violation of the

defendant's right to effective assistance of counsel. *Gomez*, 180 Wn.2d at 348. To substantiate his argument, Akin must show (a) an actual conflict of interest and (b) that the "actual conflict of interest adversely affected" his counsel's performance. *Gomez*, 180 Wn.2d at 348-49 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980)). "Possible or theoretical conflicts of interest are 'insufficient to impugn a criminal conviction.'" *Gomez*, 180 Wn.2d at 349 (quoting *Cuyler*, 446 U.S. at 350). If Akin shows an actual conflict of interest existed and that it adversely affected his counsel's performance, then the court presumes prejudice. *See Gomez*, 325 P.3d at 148. Therefore, we first consider whether an actual conflict of interest existed. We conclude no actual conflict of interest existed.

An actual conflict of interest "is evidenced 'if, during the course of the representation, the defendants' interests diverge with respect to a material factual or legal issue or to a course of action.'" *State v. Dhaliwal*, 113 Wn. App. 226, 237, 53 P.3d 65 (2002) (quoting *State v. Robinson*, 79 Wn. App. 386, 394, 902 P.2d 652 (1995) (internal quotation marks omitted)). The actual conflict must be readily apparent. *Dhaliwal*, 113 Wn. App. at 237.

Relying on *State v. Regan*, 143 Wn. App. 419, 177 P.3d 783 (2008), Akin argues his counsel's video-recorded statement that he did not know Akin's whereabouts on April 4 created an actual conflict of interest. We disagree. *Regan* is distinguishable from the present case. In *Regan*, the trial court compelled the defendant's attorney to testify which, the court on appeal held, created an actual conflict of interest. 143 Wn. App. at 430. Here, the trial court did not compel Akin's counsel to testify. In fact, Akin's counsel did not testify. The only statements Akin's counsel made were at the April 4 hearing. Akin testified consistent with his lawyer's statement. He told the jury he did not appear in court because of a calendaring issue. Akin therefore conceded he knew he had to attend the April 4 readiness hearing but did not. Akin and

his counsel's interest did not diverge regarding a material factual or legal issue. Akin cannot show any actual conflict of interest existed with his attorney.[1] Thus, we hold Akin was not denied the effective assistance of counsel.

IV.   THE JURY INSTRUCTIONS WERE NOT CONTRADICTORY

Akin argues the trial court denied him due process because the definitional and "to convict" bail jumping jury instructions were contradictory. Appellant's Br. at 12. We disagree and hold that the jury instructions were complementary, not contradictory.

We review jury instructions de novo for errors of law. *Anfinson v. FedEx Ground Package Sys., Inc.*, 174 Wn.2d 851, 860, 281 P.3d 289 (2012). "'Parties are entitled to instructions that, when taken as a whole, properly instruct the jury on the applicable law, are not misleading, and allow each party the opportunity to argue their theory of the case.'" *State v. Ridgley*, 141 Wn. App. 771, 779, 174 P.3d 105 (2007) (quoting *State v. Redmond*, 150 Wn.2d 489, 493, 78 P.3d 1001 (2003)). It is prejudicial error to give irreconcilable instructions upon a material issue in the case. *Hall v. Corp. of Catholic Archbishop of Seattle*, 80 Wn.2d 797, 804, 498 P.2d 844 (1972); *Smith v. Rodene*, 69 Wn.2d 482, 486, 418 P.2d 741, 423 P.2d 934 (1966). Where instructions are inconsistent or contradictory on a given material point, their use is prejudicial because it is impossible to know what effect they may have on the verdict. *Hall*, 80 Wn.2d at 804. An instruction essentially in the words of a statute, however, is a proper instruction. *State v. Levage*, 23 Wn. App. 33, 35, 594 P.2d 949 (1979).

---

[1] We also note that the State did not rely on Akin's counsel's statement. The State did not comment on the statement during trial. It did not argue the statement to the jury. Instead, the State relied on the deputy court clerk's testimony that on March 4, Akin was ordered to return to court on April 4 for a readiness hearing and Akin failed to appear on April 4. Because the State did not use Akin's counsel's statement as evidence of bail jumping, no actual conflict of interest existed.

Akin argues that the "to convict" instruction required the jury to have proof that Akin had been charged with second degree theft, but that the definitional instruction did not include this essential element. Akin contends this seeming discrepancy created prejudicial error because it is impossible to speculate which instruction the jury relied on when it convicted him.

The definitional instruction provides the jury with a definition of the crime. The "to convict" instruction in this case contains all of the elements of the crime as required by law. *State v. Fisher*, 165 Wn.2d 727, 753, 202 P.3d 937 (2009). It also contained instructions for the jury to return a verdict. In this case the trial court properly instructed the jury in both instructions.

We conclude that the definitional and "to convict" instructions are complementary, not contradictory. Akin has failed to show how the jury instructions are misleading or how the jury could have found him guilty of bail jumping without finding that he was charged with second degree theft. We hold the jury instructions were not contradictory.

We affirm Akin's bail jumping conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Johanson, C.J.

_____
Bjorgen, J.

9