206 P.3d 332 (2009)
STATE of Washington, Petitioner,
v.
Tucero Antonio KNIPPLING, Respondent.
Calvin Jay Washington, Gigi T. Rhea, and Krista D. Gardner, Defendants.
No. 80848-1.
Supreme Court of Washington, En Banc.
Argued October 21, 2008.
Decided April 30, 2009.
*333 Steven J. Tucker, Mark Erik Lindsey, Spokane County Prosecutor's Office, Spokane, WA, for Petitioner.
Gregory Charles Link, Washington Appellate Project, Seattle, WA, for Respondent.
ALEXANDER, C.J.
¶ 1 We granted review to determine whether Tucero Knippling's 1999 superior court conviction for a most serious offense (second degree robbery) counts as a "strike" under the Persistent Offender Accountability Act (POAA), in light of the fact that Knippling was a juvenile at the time of that conviction and there is no indication on the judgment and sentence why he was before the superior court. We conclude that the State failed to establish that Knippling's 1999 conviction is a strike under the POAA and, therefore, affirm the Court of Appeals' determination that Knippling is not a persistent offender.

I
¶ 2 The record that is before us reveals that on November 15, 2005, Tucero Knippling was convicted in Spokane County Superior Court of 10 felony charges, including two counts of first degree burglary and three counts of second degree robbery. These charges arose out of a 2005 home-invasion crime spree. The record also shows that Knippling had two prior convictions in superior court: a 1999 conviction for second degree robbery and a 2002 conviction for *334 second degree assault. At the sentencing hearing for the 2005 convictions, the State sought a persistent offender sentence of life imprisonment without parole, asserting that Knippling was a persistent offender under Washington's "three strikes" law, in that Knippling had now been convicted three separate times of most serious offenses.
¶ 3 Insofar as the 1999 robbery conviction is concerned, the State relied solely on the judgment and sentence to establish the conviction. It indicated on its face that Knippling was 16 years of age at the time of the conviction. According to the record, Knippling was in superior court because the State had initially charged him with first degree robbery, a crime over which the superior court has automatic jurisdiction. Although plea negotiations resulted in the first degree robbery charge being reduced to second degree robbery, a crime over which the juvenile court had exclusive jurisdiction, there had been no remand to juvenile court.[1]
¶ 4 Knippling argued at his 2005 sentencing hearing that the 1999 second degree robbery conviction should not count as a strike because there was nothing in the record to indicate that the juvenile court had declined jurisdiction. The State responded that the sentencing court could simply rely on the judgment and sentence to establish the conviction. The sentencing judge, after reviewing the 1999 case file and determining that it did not contain an order of the juvenile court, indicated that the State failed to prove that the superior court had jurisdiction over the 1999 case. It concluded, therefore, that because Knippling did not have two prior superior court convictions for most serious offenses, he could not be sentenced as a persistent offender. Consequently, standard range concurrent sentences were imposed for the 10 felony convictions, the longest of those sentences being 116 months.
¶ 5 On appeal, the Court of Appeals affirmed the trial court's determination that the State failed to prove that the 1999 conviction counted as a strike for purposes of persistent offender status under the POAA. State v. Knippling, 141 Wash.App. 50, 168 P.3d 426 (2007).

II
¶ 6 We granted the State's petition for review to determine if Knippling's 1999 conviction in superior court, evidenced solely by a judgment and sentence that indicated that Knippling was a juvenile and that did not contain an explanation of why the superior court had jurisdiction over Knippling, counts as a strike under the POAA. State v. Knippling, 163 Wash.2d 1039, 187 P.3d 271 (2008). Interpretation of the POAA, a part of the Sentencing Reform Act of 1981(SRA), chapter 9.94A RCW, is reviewed de novo. State v. Keller, 143 Wash.2d 267, 276, 19 P.3d 1030 (2001).

III
¶ 7 Superior court judges are required to sentence persistent offenders to life in prison without the possibility of parole. RCW 9.94A.570. A "persistent offender" is someone who, at sentencing for a most serious offense conviction, has previously been convicted in superior court as an offender on two separate occasions of most serious offenses that are included in the offender score under RCW 9.94A.525. RCW 9.94A.030(37)(a).[2] Knippling, as noted above, was found guilty in superior court of second degree robbery in *335 1999, second degree assault in 2002, and first degree burglary and second degree robbery in 2005. Each of these crimes are most serious offenses. RCW 9.94A.030(32). Convictions for these offenses are also included in the offender score for sentencing purposes. RCW 9.94A.030(54), .525(2)(a), (8).
¶ 8 Critical to this case is the POAA requirement that a persistent offender be convicted three separate times "as an offender." RCW 9.94A.030(37)(a)(ii). An "[o]ffender" is defined in RCW 9.94A.030(34) as
a person who has committed a felony established by state law and is eighteen years of age or older or is less than eighteen years of age but whose case is under superior court jurisdiction under RCW 13.04.030 or has been transferred by the appropriate juvenile court to a criminal court pursuant to RCW 13.40.110.
Pursuant to this statute, a person under the age of 18 years is an offender if the juvenile court has declined jurisdiction over that person pursuant to RCW 13.40.110 or if the charged crime falls automatically under the jurisdiction of the superior court pursuant to RCW 13.04.030.[3] In sum, a juvenile defendant is potentially a POAA "offender" when the superior court has jurisdiction over the juvenile by means of an automatic decline, based on the nature of the crime, or as a result of a declination hearing where the juvenile court waives its jurisdiction. In re Pers. Restraint of Dalluge, 152 Wash.2d 772, 780, 100 P.3d 279 (2004).
¶ 9 If the State initially charges an offense that automatically vests the superior court with jurisdiction, but later amends the information to charge an offense that does not automatically grant jurisdiction to the superior court, the juvenile court obtains jurisdiction over the case. See State v. Mora, 138 Wash.2d 43, 47, 977 P.2d 564 (1999) (juvenile court had jurisdiction after the prosecutor amended the information reducing the charge so that automatic decline no longer applied). When the juvenile court obtains jurisdiction in such circumstances, the case remains in that court unless and until it is transferred back to superior court following a declination hearing. Dalluge, 152 Wash.2d at 781, 100 P.3d 279. A transfer to superior court, according to RCW 13.40.110(2), must be based "upon a finding that the declination would be in the best interest of the juvenile or the public" and the juvenile court must "set forth in writing its finding which shall be supported by relevant facts and opinions produced at the hearing." RCW 13.40.110(3).

IV
¶ 10 In order to establish Knippling's third strike, the State needed to prove that Knippling was convicted as an offender on two prior and separate occasions. This is so because in persistent offender proceedings under the POAA, "[t]he State bears the burden of proving by a preponderance of the evidence the existence of prior convictions, whether used for determining an offender score or as predicate strike offenses for purposes of the POAA." In re Pers. Restraint of Cadwallader, 155 Wash.2d 867, 876, 123 P.3d 456 (2005) (citing State v. Ford, 137 Wash.2d 472, 479-80, 973 P.2d 452 (1999)). "If the court is satisfied by a preponderance of the evidence that the defendant has a criminal history, the court shall specify the convictions it has found to exist." RCW 9.94A.500(1).
¶ 11 Here, the State did not meet its burden of showing that Knippling was convicted as an "offender" in 1999 because there was no evidence in the record that the superior court had jurisdiction over Knippling. This is critical because, as we noted above, to classify Knippling as an "offender," the State had to show that Knippling was convicted of an automatic decline charge or that the juvenile court declined jurisdiction. The State has shown neither.
¶ 12 Although the crime Knippling was eventually charged with in 1999 (second degree robbery) does not invoke automatic superior court jurisdiction, the initial charge against Knippling (robbery in the first degree) *336 was properly filed in superior court because first degree robbery is an automatic decline offense. Former RCW 13.04.030(1)(e), (v), (C) (1999). However, when the information was amended to charge Knippling with second degree robbery, the superior court no longer had jurisdiction because of Knippling's status as a juvenile. Former RCW 13.04.030(1)(e).
¶ 13 Once the juvenile court had exclusive jurisdiction over Knippling's case, a declination hearing was required in order to transfer the case back to superior court. RCW 13.40.110; Dalluge, 152 Wash.2d at 781, 100 P.3d 279. Importantly, there is no evidence in the record to counter Knippling's assertion that once the charge of first degree robbery was reduced to second degree robbery, the case was not remanded to the juvenile court. What the State produced, rather, was a superior court judgment and sentence showing that Knippling was 16 years old at the time he was convicted of second degree robbery, an offense that does not grant the superior court automatic jurisdiction. This judgment and sentence did not disclose how or why the case was before the superior court instead of the juvenile court.
¶ 14 The State urges this court to ignore the declination requirement, asserting that an absence of information in the judgment form does not affirmatively mean that Knippling's conviction does not exist for sentencing purposes under the POAA. That argument fails because Washington courts have long held that in imposing a sentence, the facts relied upon by the trial court "`must have some basis in the record.'" Ford, 137 Wash.2d at 482, 973 P.2d 452 (quoting State v. Bresolin, 13 Wash.App. 386, 396, 534 P.2d 1394 (1975)). The SRA places the burden of proving prior strikes "on the State because it is `inconsistent with the principles underlying our system of justice to sentence a person on the basis of crimes that the State either could not or chose not to prove.'" Ford, 137 Wash.2d at 480, 973 P.2d 452 (quoting In re Pers. Restraint of Williams, 111 Wash.2d 353, 357, 759 P.2d 436 (1988)). If the juvenile court declined jurisdiction in 1999, the State should have been able to produce the record because all juvenile court declination decisions are to be in writing. See RCW 13.40.110(3). If there is no record of the declination hearing, we can presume that no such hearing occurred. See State v. Golden, 112 Wash.App. 68, 80, 47 P.3d 587 (2002).
¶ 15 In sum, the juvenile court had jurisdiction over the second degree robbery charge and there was no evidence before the sentencing judge in 2005 indicating that a declination hearing occurred. By failing to establish the existence of a declination hearing in juvenile court, the State cannot show that Knippling was convicted as an "offender" in 1999. Therefore, we agree with the Court of Appeals and the trial court that Knippling cannot be sentenced as a persistent offender because he was not "convicted as an offender on at least two separate occasions" prior to the 2005 sentencing. RCW 9.94A.030(37)(a)(ii) (emphasis added).

V
¶ 16 The State contends that Knippling cannot dispute the 1999 conviction at his persistent offender sentencing because doing so amounts to an improper collateral attack on that conviction. This argument also fails. We reach that conclusion because Knippling's objection to the use of that conviction is not a collateral attack. Rather, his arguments are directed at the present use of a prior conviction to establish his current status as a persistent offender. See State v. Carpenter, 117 Wash.App. 673, 678, 72 P.3d 784 (2003) (objecting to a prior conviction in a POAA sentencing proceeding is not a collateral attack).
¶ 17 The State argues, additionally, that the constitutional validity of Knippling's 1999 conviction cannot be challenged in a POAA sentencing proceeding. In that regard, the State maintains that the 1999 judgment and sentence showing Knippling's conviction is sufficient evidence to count the conviction as a prior offense under the POAA. As support for its position, the State cites State v. Ammons, 105 Wash.2d 175, 187-88, 713 P.2d 719, 718 P.2d 796 (1986), in which we held that
the state does not have the affirmative burden of proving the constitutional validity *337 of a prior conviction before it can be used in a sentencing proceeding. However, a prior conviction ... unconstitutionally obtained or which is constitutionally invalid on its face may not be considered. Constitutionally invalid on its face means a conviction which without further elaboration evidences infirmities of a constitutional magnitude.
(Citations omitted.) We also said in Ammons that "[t]he best evidence of a prior conviction is a certified copy of the judgment." Ford, 137 Wash.2d at 480, 973 P.2d 452 (citing State v. Cabrera, 73 Wash.App. 165, 168, 868 P.2d 179 (1994)). Thus, according to the State, inquiring into whether juvenile court declination occurred would require an impermissible "further elaboration" forbidden by Ammons.
¶ 18 The State's reliance on Ammons is misplaced because Knippling is not challenging the constitutional validity of the 1999 conviction. Instead, Knippling presents a statutory challenge to the use of the 1999 conviction for sentencing purposes. The State's burden, as required by the POAA, is to establish that Knippling is a three-time "offender" in order to sentence him to life without release. See RCW 9.94A.030(37)(a)(ii). This burden is related to but distinct from an affirmative duty to prove the constitutional validity of prior convictions.
¶ 19 The State argues, finally, that if declination by the juvenile court was required for the 1999 conviction to count as a strike, the proper remedy is to remand the case to determine whether declination would have occurred prior to the 1999 conviction. The State relies on Dalluge for the proposition that when the required declination hearing does not occur, the appropriate remedy is remand to the superior court to determine whether the case would have been transferred from juvenile court. In the event the defendant has turned 18, the after-the-fact declination hearing is held in superior court. Dalluge, 152 Wash.2d at 782 n. 6, 100 P.3d 279.
¶ 20 The procedure described by Dalluge is inapplicable to the present case. There, remand was the proper remedy because the petitioner directly challenged the superior court conviction by way of a personal restraint petition. Here, Knippling is not seeking reversal of his 1999 conviction, but is objecting to its use as a strike under the POAA.

VI
¶ 21 We affirm the Court of Appeals, concluding that the State has not met its burden of showing that Knippling is a persistent offender under the POAA.
WE CONCUR: SUSAN OWENS, CHARLES W. JOHNSON, MARY E. FAIRHURST, BARBARA A. MADSEN, JAMES M. JOHNSON, RICHARD B. SANDERS, TOM CHAMBERS, JJ., and PHILIP J. THOMPSON, J. Pro Tem.
NOTES
[1] Although we recognize that pursuant to RCW 13.04.021(1), the juvenile court is a "division" of the superior court, we refer to the juvenile and superior courts in this opinion as separate courts. That is because the juvenile division has exclusive jurisdiction over persons younger than 18 years of age, unless an exception applies. RCW 13.04.030.
[2] The statute defines a "[p]ersistent offender" as:

"[A]n offender who:
"(a)(i) Has been convicted in this state of any felony considered a most serious offense; and
"(ii) Has, before the commission of the offense under (a) of this subsection, been convicted as an offender on at least two separate occasions, whether in this state or elsewhere, of felonies that under the laws of this state would be considered most serious offenses and would be included in the offender score under RCW 9.94A.525; provided that of the two or more previous convictions, at least one conviction must have occurred before the commission of any of the other most serious offenses for which the offender was previously convicted." RCW 9.94A.030(37).
[3] An additional circumstance, which does not apply here, is where the juvenile willfully deceives the adult court into believing that he or she is an adult and does not correct the error. See In re Pers. Restraint of Dalluge, 152 Wash.2d 772, 783-84, 100 P.3d 279 (2004).