[No. 30197-4-III.   Division Three.   December 18, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. LARRY ALLEN
POWELL, *Appellant*.

*Susan M. Gasch* (of *Gasch Law Office*), for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Mark E. Lindsey* and *Andrew J. Metts III, Deputies*, for respondent.

¶1 KULIK, J. — A jury convicted Larry Powell of first degree robbery and second degree assault. At sentencing, the court relied on two prior strike convictions to support sentences of life without the possibility of parole. The court concluded that Mr. Powell was a persistent offender who should be sentenced under the three strikes provision of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW.[1]

¶2 On appeal, Mr. Powell contends the evidence is insufficient to support his sentence under the Persistent Offender Accountability Act (POAA). He also argues that his due process rights were violated when the identity of the defendant in each of the prior strike convictions was established by a preponderance of the evidence rather than by proof beyond a reasonable doubt. Mr. Powell is mistaken. His identity in each of the prior convictions need be proved only by a preponderance of the evidence, and there was sufficient evidence to support the POAA sentence. Therefore, we affirm.

## FACTS

¶3 The facts in this case are undisputed. Mr. Powell walked out of a K-Mart Store in Spokane County without paying for a computer flash drive and about $36 worth of jewelry. A few minutes later, three loss prevention officers confronted Mr. Powell outside the store. A scuffle ensued and one of the security officers was shoved one or two times. While a second officer attempted to detain Mr. Powell, a third officer wrestled a knife from a sheath on Mr. Powell's belt and threw the knife aside. The loss prevention officers

---

[1] Washington's Persistent Offender Accountability Act of the Sentencing Reform Act of 1981, chapter 9.94A RCW.

handcuffed Mr. Powell and turned him over to police officers.

¶4 A jury convicted Mr. Powell of first degree robbery and second degree assault. Before sentencing, the State filed certified copies of judgment and sentence documents. The deputy prosecutor asserted that these prior strike convictions supported the State's recommendation of sentences of life without the possibility of parole on the two present convictions. Included in these attachments were (1) a 2006 judgment and sentence indicating that "Larry A. Powell" pleaded guilty to second degree assault and (2) a 1975 judgment and sentence indicating that "Larry A. Powell" pleaded guilty to first degree assault.

¶5 At sentencing, the State concluded that "it appears [Mr. Powell is] a persistent offender and should be sentenced under the three strikes provision of the Sentencing Reform Act." Report of Proceedings (RP) at 302. When asked for comments, defense counsel stated:

> I have reviewed the predicate prior convictions at length prior to reviewing several times the applicable case law. They appear to qualify as prior convictions under the Persistent Offender statute. I told [the deputy prosecutor] that as long as he provided certified copies of those Judgments and Sentences, which I had seen previously through my research, that I would be stipulating that those do qualify.

RP at 303-04.

¶6 The court did not review the issue with Mr. Powell individually, and no written stipulation was filed. The State did not present further evidence to establish that Mr. Powell was the same person identified in the documents submitted by the State. The court concluded it was "really without any choice here but to follow the recommendation of the State" and imposed a life sentence on each of the present counts without possibility of parole. RP at 306.

## ANALYSIS

¶7 We review de novo a sentencing court's offender score calculation and its interpretation of the POAA. *State v. Knippling*, 166 Wn.2d 93, 98, 206 P.3d 332 (2009).

¶8 Under the POAA, the trial court must sentence a persistent offender to life in prison without the possibility of parole. *Id.*; RCW 9.94A.570. A "persistent offender" is someone who, at sentencing for a most serious offense conviction, has previously been convicted on two separate occasions of most serious offenses under RCW 9.94A.525. *See* former RCW 9.94A.030(36)(a) (2010). A "most serious offense" includes "[a]ny felony defined under any law as a class A felony or criminal solicitation of or criminal conspiracy to commit a class A felony." Former RCW 9.94A.030(31)(a) (2010).

¶9 To establish a defendant's criminal history for POAA and SRA sentencing purposes, the State must prove the existence of his or her prior convictions by a mere preponderance of evidence. *Knippling*, 166 Wn.2d at 100 (quoting *In re Pers. Restraint of Cadwallader*, 155 Wn.2d 867, 876, 123 P.3d 456 (2005)). Although this burden of proof requires "some showing that the defendant before the court for sentencing and the person named in the prior conviction[s] are the same person," when the prior convictions at issue are under the same name as the defendant before the sentencing court, identity of names is sufficient proof of this requirement. *State v. Ammons*, 105 Wn.2d 175, 190, 713 P.2d 719, 718 P.2d 796 (1986).

¶10 A defendant may rebut this showing by declaring under oath that he is not the person named in the prior convictions. *Id.* Only then does the burden shift back to the State to prove by independent evidence—such as fingerprints, testimony from court personnel present at the prior adjudication, or institutional packets—that the defendant before the court for sentencing and the defendant named in

the prior conviction are the same person. *Id.* If, however, a defendant files no such declaration, the identity of the names alone is sufficient to include the prior conviction in the defendant's offender score. *Id.*

¶11 In other words, under the POAA, the State must prove the existence of a defendant's prior convictions by only a preponderance of the evidence. *State v. Thorne*, 129 Wn.2d 736, 783-84, 921 P.2d 514 (1996).

¶12 Here, the State met its burden by submitting certified copies of the prior convictions demonstrating an identity of names with Mr. Powell. For his part, Mr. Powell failed to provide a declaration under oath stating that he was not the person named in the prior convictions. Without such declaration, the State's reliance on Mr. Powell's name to prove that he was the same Mr. Powell named in the prior convictions was sufficient to prove by a preponderance of the evidence that Mr. Powell was the same defendant. Simply put, the State presented sufficient evidence of Mr. Powell's two prior convictions and the trial court did not err by sentencing Mr. Powell to life in prison without the possibility of parole.

¶13 Mr. Powell suggests that due process requires that the identity of the defendant in the prior strike convictions must be established beyond a reasonable doubt. This argument is unpersuasive given Washington's acceptance of the preponderance of the evidence standard.

¶14 Mr. Powell relies on *State v. Manussier*, 129 Wn.2d 652, 921 P.2d 473 (1996) and *In re Personal Restraint of Williams*, 111 Wn.2d 353, 759 P.2d 436 (1988). In *Manussier*, the court noted that the beyond a reasonable doubt standard applied in the habitual offender scheme that required a jury finding but that a preponderance of evidence standard was constitutionally sufficient on the issue of prior convictions. *Manussier*, 129 Wn.2d at 681-82. Similarly, *Williams* stated that "[t]he fact that the SRA structures the use of [a defendant's] prior convictions at a sentencing does *not* mean that prior convictions are elements of the offense for which

the defendant is being sentenced; they are not." *Williams*, 111 Wn.2d at 367.

¶15 Mr. Powell also argues that identification by identical names is insufficient proof of persistent offender status. He argues that he was not given the opportunity to waive his constitutional right to have the prosecution prove that he had two prior strike offenses beyond a reasonable doubt. He points out that there is no indication in the record that he intentionally relinquished, abandoned, or waived his constitutional right to have the prosecution meet its burden of proof.

¶16 First, we note that Mr. Powell said nothing when the trial court explained, "And this is your sentencing. You're entitled, certainly, to make any comments here in court that you want me to listen to and consider in imposing a sentence." RP at 305-06.

¶17 Second, *Ammons* held that "the beyond a reasonable doubt standard is not required and affirm[ed] the SRA's adoption of a preponderance of the evidence standard." *Ammons*, 105 Wn.2d at 185. Moreover, *State v. Huber*, 129 Wn. App. 499, 502, 119 P.3d 388 (2005), relied upon by Mr. Powell, involves the identity of a defendant at trial, not during sentencing.

## STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW (SAG)

¶18 Mr. Powell filed two SAGs. Mr. Powell argues that due process was violated because the term "persistent offender" was classified as a sentencing factor rather than an element. He maintains that his due process rights were violated when the sentencing court imposed a persistent offender sentence based on a preponderance of the doubt rather than a reasonable doubt. Mr. Powell argues that there is no rational basis for classifying the punishment for recidivist criminals as an "element" in certain circumstances and an "aggravator" in others.

¶19 Mr. Powell relies on *State v. Roswell*, 165 Wn.2d 186, 196 P.3d 705 (2008). But *Roswell* discussed a prior conviction that was used to prove an element of the charged crime. *Id.* at 189. In that instance, the State must prove the element of a crime beyond a reasonable doubt. *Id.* at 192.

¶20 Mr. Powell argues that the use of a prior conviction to elevate a substantive crime from a misdemeanor to a felony and the use of the same conviction to elevate a felony to an offense requiring a sentence of life without the possibility of parole is improper because both elements punish recidivist criminal behavior. Mr. Powell also asserts he has a constitutional right to a jury trial employing a reasonable doubt standard. Mr. Powell argues that the court violated his right to a jury trial by sentencing him to life without the possibility of parole absent proof beyond a reasonable doubt. These arguments are without merit.

¶21 We affirm Mr. Powell's sentence under the POAA.

BROWN, J., concurs.

¶22 SWEENEY, J. (concurring) — Of course, the majority opinion correctly applies the current rule of law. I write separately simply to point out that Larry Allen Powell will spend the rest of his life in prison at great expense to the taxpayers of this state following a minor theft and a scuffle with security officers. I am not sure that is a good investment for the State of Washington.