IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32545-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN ANTHONY BAILEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Stephen Bailey once again appeals his sentence in this first degree

assault case, arguing that our previous decision excluded a 1997 robbery[1] conviction

from the offender score. The previous decision spared Mr. Bailey from a sentence of life

in prison without possibility of parole when it determined that he did not qualify as an

"offender" in the 1997 case, but it did not invalidate that conviction. We affirm.

FACTS

The offender scoring issues in this appeal concern three separate cases, although

only one of those cases is before this court. Mr. Bailey is appealing from convictions for

first degree assault and witness tampering that arose out of a series of 2007 incidents.

---

[1] Although this conviction was not adjudicated until the following year, we will
refer to it as the 1997 robbery. Mr. Bailey also has a 1996 juvenile court adjudication for
second degree robbery that we will refer to as the 1996 robbery. There was some
confusion of the two robberies during the resentencing hearing.

No. 32545-8-III
*State v. Bailey*

This case previously was before this court in *State v. Bailey*, 179 Wn. App. 433, 335 P.3d 942 (2014). In that action we reversed a persistent offender sentence predicated in part on a 1997 second degree robbery conviction in adult court for an offense committed when Mr. Bailey was 16. The case was remanded for sentencing as a non-persistent offender. *Id.* at 443.

At the resentencing, the trial court concluded that Mr. Bailey's offender score was 9 for the assault count and 7 for the intimidation count. The 1997 robbery was included in the offender score calculation for both offenses despite a defense argument that the conviction was void. The court imposed a standard range sentence of 300 months on the first degree assault count and a concurrent 75 month term on the witness intimidation.

Due to its inclusion in the offender score, the second case presenting an issue in this appeal is the 1997 robbery conviction. A third case at issue involves convictions from 2000 for second degree taking of a motor vehicle and attempting to elude. Those offenses, which both occurred on September 20, 2000, were scored separately at the resentencing hearing over defense objection.

Mr. Bailey promptly again appealed his sentence to this court.

No. 32545-8-III
*State v. Bailey*

ANALYSIS

This appeal presents the questions of whether the trial court erred by including the 1997 robbery in the offender score and whether the two 2000 convictions constituted the same criminal conduct. We address the claims in the stated order.[2]

A felony sentence under the Sentencing Reform Act is determined by the seriousness of the offense and the offender's criminal history. RCW 9.94A.530(1). All felony or misdemeanor convictions, regardless of the court that entered them, constitute the criminal history. RCW 9.94A.030(11). With the exception of some offenses that include misdemeanors in the calculation of an offender score, only felony convictions—whether from juvenile or adult court—will count in the calculation of an offender score. RCW 9.94A.525. Which offenses count in the offender score, and how they are counted, will vary with the offense being scored. *Id.* The two questions presented in this appeal involve these scoring rules.

---

[2] Mr. Bailey also filed a Statement of Additional Grounds in which he alleges that the threat of a third "strike" offense affected his trial tactics and his counsel was ineffective at sentencing by not insisting that the sentencing judge read the trial transcript before imposing sentence. He does not present sufficient argument to explain how his trial was prejudiced and what counsel could have done about the issue before appeal. We also are unaware of any authority compelling a sentencing judge to read the trial transcript before sentencing. Accordingly, the two claims are without merit and we will not further address them.

3

*1997 Robbery*

Mr. Bailey argues that this court invalidated this robbery conviction in its 2014 opinion in the previous appeal, thereby removing the offense from his criminal history. As a subsequent opinion of this court makes clear, the 1997 conviction was not invalidated when it was deemed unusable for persistent offender status.

The intervening opinion is *State v. Inocencio*, 187 Wn. App. 765, 351 P.3d 183 (2015). There the defendant contended that two of his prior convictions committed before his 18th birthday should not be counted in his offender score because they had been entered by the adult court instead of a juvenile court. *Id.* at 767. This court disagreed, noting that the issue in earlier cases involving transfer of jurisdiction from superior court to adult court had revolved around the question of whether or not the defendant was shown to be an "offender" under the Persistent Offender Accountability Act (POAA). *Id.* at 771-777 (discussing *State v. Saenz*, 175 Wn.2d 167, 283 P.3d 1094 (2012) and *State v. Knippling*, 166 Wn.2d 93, 206 P.3d 332 (2009)).

*Inocencio* noted that while the prosecution must establish the criminal history, the defendant bears the burden of establishing the invalidity of a prior conviction. 187 Wn. App. at 776.[3] However, a conviction cannot be collaterally attacked during the sentencing of an unrelated case. *Id.* (citing *State v. Ammons*, 105 Wn.2d 175, 188, 713

---

[3] This rule is subject to two exceptions—a prior offense that either is invalid on its face or has been unconstitutionally obtained. 187 Wn. App. at 777.

4

P.2d 719 (1986)). Instead, the offender must seek post-conviction relief. *Id.* at 776-777. In most instances, however, the ability to collaterally attack a conviction will be restricted by RCW 10.73.090 *et seq.*

Mr. Bailey makes the same argument here that Mr. Inocencio made, and our answer is the same as in that case. The prior appeal of this matter resulted in a determination that Mr. Bailey was not an "offender" under the POAA. However, that appeal was not a collateral attack on the 1997 robbery conviction. RCW 10.73.090 *et seq.* Instead, it was an appeal of the assault conviction and ensuing persistent offender sentence. *Bailey*, 179 Wn. App. at 443. This court did not invalidate the robbery conviction in its reversal of the POAA sentence.

The trial court correctly determined that the 1997 robbery conviction counted in the offender score calculation of the current sentences.

*2000 Eluding and Taking a Motor Vehicle Convictions*

Mr. Bailey also argues that the trial court should have counted the two 2000 convictions committed on the same day as one offense under the same criminal conduct scoring rule. The trial court correctly determined that there was not a unity of victims or intent, and, therefore, the two offenses count separately.

For past offenses committed at the same time, the current sentencing court has discretion to treat them as a single offense for the purpose of scoring the current convictions. RCW 9.94A.525(5)(a)(i). The defendant bears the burden of proving that

5

prior crimes should be counted as the same criminal conduct. *State v. Graciano*, 176 Wn.2d 531, 539, 295 P.3d 219 (2013). "Same criminal conduct" means that the offenses occurred at the same time and same place, had the same victim, and have the same criminal intent. RCW 9.94A.589(1)(a). Offenses have the same criminal intent when, viewed objectively, the intent does not change from one offense to the next. *State v. Dunaway*, 109 Wn.2d 207, 215, 743 P.2d 1237 (1987). "Intent, in this context, is not the particular *mens rea* element of the particular crime, but rather is the offender's objective criminal purpose in committing the crime." *State v. Adame*, 56 Wn. App. 803, 811, 785 P.2d 1144 (1990). Courts have also looked at whether one crime furthers the other or whether the offenses were part of a recognized plan or scheme. *Dunaway*, 109 Wn.2d at 215 (furtherance test); *State v. Lewis*, 115 Wn.2d 294, 302, 797 P.2d 1141 (1990) (same scheme or plan).

The trial court's same criminal conduct ruling is reviewed for abuse of discretion because it involves a factual inquiry. *Graciano*, 176 Wn.2d at 535-536. Thus, "when the record supports only one conclusion on whether crimes constitute the 'same criminal conduct,' a sentencing court abuses its discretion in arriving at a contrary result. But where the record adequately supports either conclusion, the matter lies in the court's discretion." *Id.* at 537-538 (citation omitted). This exception "is generally construed narrowly to disallow most claims that multiple offenses constitute the same criminal act." *State v. Porter*, 133 Wn.2d 177, 181, 942 P.2d 974 (1997).

6

Here, the trial court concluded that the defense failed to establish that the pair of 2000 offenses shared the same intent or involved the same victim, even while noting that it was theoretically possible if the stolen vehicle had been a police car. Report of Proceedings at 17-18. Mr. Bailey never contended that the prior offense involved a police vehicle nor did the defense present any other evidence suggesting that the two offenses involved the same victim. Accordingly, the trial court properly concluded that the two crimes did not constitute the same criminal conduct.

The offender score was properly calculated. The judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Lawrence-Berrey, J.

7