IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36400-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| LARRY ALLEN POWELL, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Larry Powell, a persistent offender serving a

mandatory life sentence, appeals after the trial court granted his request to waive interest

on his legal financial obligations (LFOs). We conclude his claims of error are not

reviewable.

FACTS

In 2011, a jury found Larry Powell guilty of first degree robbery and second degree

assault. The trial court thereafter sentenced Powell as a persistent offender to life in

prison without the possibility of parole. As part of the sentence, the trial court imposed

$600 in mandatory LFOs.

Powell appealed and this court affirmed. *State v. Powell*, 172 Wn. App. 455, 290

P.3d 353 (2012). This court imposed appellate costs against Powell and ordered Powell

to pay $27.67 to the prosecutor's office, and $3,500.71 to the Office of Public Defense.

Powell later filed two unsuccessful personal restraint petitions (PRPs). This court

imposed appellate costs against Powell in the amount of $226.00 for the first PRP and $0 for the second PRP.

On August 21, 2018, Powell filed a motion to waive interest on his LFOs. He asserted he had no income and accrual of interest was causing him mental anguish. The trial court initially determined it would waive interest once the principal amounts were paid. But it later entered an order waiving "pending interest" and interest "accru[ing] after this order." Clerk's Papers at 39-40.

Despite getting what he requested, Powell appealed.

ANALYSIS

Powell first contends the trial court abused its discretion by denying his request for relief from nonrestitution LFOs. The State responds that Powell did not request this relief, so he is not entitled to it on appeal. RAP 2.5(a). We agree.

Powell alternatively contends the June 7, 2018 amendment to former RCW 10.73.160(4) (2015) violates equal protection because it treats persons serving life without the possibility of parole differently than persons who are released from total confinement. RCW 10.73.160(4) permits a person, who is not in contumacious default in the payment of LFOs, to petition a court for remission of LFOs at any time "after release from total confinement." *Id.*

No. 36400-3-III
*State v. Powell*

The June 2018 amendments to the LFO statutes, including RCW 10.73.160, apply prospectively to cases pending on direct review at the time of the amendments. *State v. Ramirez*, 191 Wn.2d 732, 749-50, 426 P.3d 714 (2018). Powell's direct appeal ended in 2012, several years before the 2018 LFO amendments.

A person has standing to urge the unconstitutionality of a statute only if the person is harmfully affected by the particular feature of the statute alleged to be unconstitutional. *State v. Rowe*, 60 Wn.2d 797, 799, 376 P.2d 446 (1962). Even if we were to declare RCW 10.73.160(4) unconstitutional and broaden its benefits to incarcerated persons, Powell would gain no benefit because his direct appeal was concluded years before the effective date of the statute. Because Powell is not harmed by the particular feature of the statute he claims is unconstitutional, he lacks standing to challenge it.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Siddoway, J.          Fearing, J.

3